Filed 9/9/15  Jennifer C. v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JENNIFER C. et al., | D068224 |
| Petitioners, | |
| v. | (San Diego County Super. Ct. No. J518946A-B) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY et al., | |
| Real Parties in Interest. | |


PROCEEDINGS in mandate after referral to a Welfare and Institutions Code section 366.26[1] hearing.  Kimberlee A. Lagotta, Judge.  Petitions denied; requests for a stay denied.

---

1      Further statutory references are to the Welfare and Institutions Code.

Dependency Legal Group of San Diego and Amanda J. Gonzales for Petitioner Jennifer C.

Dependency Legal Group of San Diego and John P. McCurley for Petitioner William G.

No appearance by Respondent.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Real Party in Interest San Diego County Health and Human Services Agency.

Mother Jennifer C. and presumed father William G. (together, the parents) seek writ review of the juvenile dependency court's order, made at the 12-month review hearing, terminating reunification services and setting a section 366.26 hearing in the case of children Shelby G. and Taylor C. (together, the children). The parents contend the San Diego County Health and Human Services Agency (the Agency) did not provide them timely notice of its changed recommendation to set a section 366.26 hearing, a structural error. We deny the petitions and requests for a stay.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2014, the Agency filed dependency petitions for 12-year-old Taylor and three-year-old Shelby. The petitions alleged the children were exposed to violence between the parents and Jennifer used methamphetamine and alcohol to excess.

The children were detained. In April 2014, the court made true findings on the petitions and ordered out-of-home placement for the children and reunification services

2

for the parents.  At the October six-month review hearing, the court continued services and out-of-home placement and set a 12-month review hearing for April 20, 2015.

On April 9, 2015, the Agency filed a 12-month review report recommending that reunification services continue.  On April 20, the parents were present in court with counsel.  In open court, the children's counsel requested a contested hearing on the issue of termination of services and the setting of a section 366.26 hearing. The court set a pretrial status conference for May 19 and a contested 12-month review hearing for May 28.

On May 19, 2015, the Agency filed an addendum report recommending that reunification services be terminated and a section 366.26 hearing be set.  In the addendum report, the social worker stated that on May 12, she had "verbally notified both parents of the change of recommendation" and sent written notification "following the conversation."

At the May 19, 2015, pretrial status conference, William was personally present. At the outset of the hearing, the court stated, "The new recommendations are that family reunification services terminate to the parents, and that the court set this matter for a [section 366].26 hearing."  The children's counsel withdrew her request for a trial. Jennifer's attorney stated, "This would now become [Jennifer]'s trial set.  Our issue is continuing services."  William's attorney stated, "On behalf of [William], we'll be joining with [Jennifer]'s trial set, based on the change of recommendation."  The court found "that notice has been given as required by law based upon the information contained in

3

today's addendum report, as well as that stated on the record on behalf of the Agency, through county counsel."[2]

On May 27, 2015, the Agency served the parents, by mail, with notice of the May 28 hearing. The notice stated that the Agency was recommending "[t]hat reunification services be terminated and a hearing held pursuant to [section] 366.26. In a second addendum report, filed on May 28, the Agency recommended "no changes to the [May 19] [a]ddendum [r]eport." Attached to the May 28 addendum report were the Agency's May 12 letters to the parents stating the Agency had changed its recommendation to termination of services.

At the contested 12-month review hearing on May 28, 2015, the parents were present with counsel. The court found that notice had been given as required by law, terminated services and set a section 366.26 hearing.

The parents petitioned for review of the court's orders. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452.) This court issued an order to show cause, the Agency responded and the parties waived oral argument.

---

2    Earlier in the hearing, before the court and the Agency's counsel were aware of the social worker's statement in the addendum report, the court had ordered, "out of caution," that the Agency "notice each parent in the normal course that they do, in written form, of the recommendations." The court had noted that the parents were "also on verbal notice . . . ." The Agency's counsel had then stated that the social worker had told counsel that the social worker had sent the parents written notice of the new recommendations.

4

DISCUSSION

The Agency was required to give the parents notice of the 12-month review hearing "not earlier than 30 days, nor later than 15 days, before the hearing." (§ 293, subd. (c).) The notice was required to "contain a statement regarding the nature of the hearing to be held and any change in the custody or status of the child being recommended by the [Agency]." (*Id.*, subd. (d).) Additionally, the Agency was required to provide the parents "with a copy of the report, including [its] recommendation for disposition, at least 10 calendar days prior to the hearing." (§ 366.21, subd. (c).)

Although the parents did not receive timely written notice of the changed recommendations to terminate services and set a section 366.26 hearing, they did receive timely actual notice. On April 20, 2015, the parents received actual notice, in the form of statements in open court by the children's counsel and the court, that on May 28, there would be a contested hearing on the issue of termination of services and the setting of a section 366.26 hearing. The fact that the contested hearing was requested by the children's counsel rather than the Agency does not change the fact that the parents received actual notice. On May 12, the parents received actual notice, in the form of a verbal statement by the social worker, that the Agency had changed its recommendation to termination of services and the setting of a section 366.26 hearing. That day, the social worker sent the parents letters stating the Agency had changed its recommendation to termination of services; the letters did not mention that the recommendation included the setting of a section 366.26 hearing. One week later, on May 19, the parents' counsel adopted the children's counsel's request for a contested hearing on the issue of

5

termination of services and the setting of a section 366.26 hearing.  The parents' counsel received copies of the Agency's 12-month review report and two addendum reports on or before the April 20, May 19 and May 28 hearings, respectively.

The parents were offered services for more than a year.  By the time of the May 28, 2015, hearing, William had been terminated from two substance abuse programs and two domestic violence programs for poor attendance.[3]  Jennifer had been terminated from her third inpatient substance abuse treatment program and had not enrolled in a domestic violence program.  Taylor had emotional problems and Shelby had special medical and developmental needs.  There is no basis on which the court could have continued services, either by finding a substantial probability that the children would be returned to the parents in six months or that reasonable services had not been provided. (§ 366.21, subd. (g)(1).)

For the above reasons, any failure to comply with the notice requirement was harmless.  (*In re A.D.* (2011) 196 Cal.App.4th 1319, 1325-1326, criticizing *Judith P. v. Superior Court* (2002) 102 Cal.App.4th 535; see *In re Sabrina H.* (2007) 149 Cal.App.4th 1403, 1419-1420 [applying harmless error standard to failure to comply with notice requirements of § 361.2].)

---

[3]     He had been allowed to re-enroll twice in the domestic violence program.

6

DISPOSITION

The petitions are denied.  The requests for a stay are denied.


BENKE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.